*E-Filed: September 18, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KASWIT, INC., <br><br>         Plaintiff, <br>    v. <br><br> DOGFATHER K9 CONNECTIONS, LLC and FRANK ROMANO, <br><br>         Defendants. <br>_____/ | No. C14-03217 HRL <br><br> **ORDER DENYING DEFENDANT FRANK ROMANO'S MOTION TO DISMISS** <br><br> **ORDER VACATING SEPTEMBER 23, 2014 HEARING** <br><br> **[Re: Docket No. 19]** |

Kaswit, Inc. sues Dogfather K9 Connections, LLC and Frank Romano for trademark infringement and related causes of action. Romano moves to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 19. Plaintiff filed an opposition and Romano filed a reply. Dkt. Nos. 22, 24. All parties have expressly consented to having all matters proceed before a magistrate judge. The motion is deemed suitable for determination without oral argument. The September 23, 2014 hearing is vacated. Civ. L.R. 7-1(b). Based on the moving and responding papers, the Court denies the motion to dismiss.

**BACKGROUND**

Kaswit is a California corporation with its principal place of business in La Quinta, California.[1] FAC ¶ 4. Kaswit is the owner by assignment from Don Sullivan of a federal registration for the Dogfather trademark in connection with "dog training" services. *Id.* ¶¶ 14-16.

---

[1] Unless otherwise stated, the following facts are from Plaintiff's First Amended Complaint and assumed to be true for purposes of this motion. *See* Dkt. No. 9.

1  The Dogfather mark has been in use since May 2008 in connection with dog training services and
2  expertise offered by Sullivan.  *Id.* ¶ 10.  Kaswit also markets and promotes The Perfect Dog, which
3  is a system of training, instruction, and tools for the overall care of dogs.  *Id.* ¶ 8.

4  Dogfather K9 Connections ("DKC") is a California limited liability company with its
5  principal place of business in Santa Rosa, California.  *Id.* ¶ 5.  Romano is the owner and operator of
6  DKC, and directs and controls its activities.  *Id.* ¶ 6.  DKC and Romano use the term "Dogfather" as
7  part of the name "Dogfather K9 Connections" for a dog kennel, dog boarding, grooming, and dog
8  day care facility.  *Id.* ¶ 19.  Romano also operates "Golden Gate K9," which offers dog training
9  services.  *Id.* ¶ 22.  Defendants own a website, www.dogfatherk9connections.com, entitled
10 "Dogfather K9 Connections / Santa Rosa Dog Kennel Resort and K9 Training Ranch / Boarding,
11 Grooming, Day Care Sonoma County."  *Id.* ¶ 24.  Romano has referred to himself as "The
12 Dogfather" on this website.  *Id.* ¶ 21.

13 In December 2011, DKC filed with the United States Patent and Trademark Office
14 Application Serial No. 85/494,546 for the mark Dogfather K9 Connections and Logo in connection
15 with "kennel services, namely, boarding for pets."  *Id.* ¶ 31.  Defendants allege a date of first use of
16 January 6, 2011.  *Id.* ¶ 30.  In May 2013, Sullivan filed an opposition against that application before
17 the Trademark Trial and Appeal Board.  *Id.* ¶ 34.  The Board stayed that opposition pending the
18 outcome of the present action.  *Id.* ¶ 36.

19 Plaintiff filed the present action in the Central District of California on April 11, 2014.  In
20 July 2014, the action was transferred to this Court.  The First Amended Complaint (the operative
21 complaint) asserts five claims against both Defendants: (1) Infringement of Federally Registered
22 Trademarks under the Lanham Act, 15 U.S.C. § 1114(1); (2) Federal False Designation of Origin
23 and Misrepresentation under the Lanham Act, 15 U.S.C. § 1125(a); (3) violation of the
24 Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d); (4) California statutory
25 Trademark Infringement and Unfair Competition under California Business and Professions Code
26 §§ 14200 *et seq.*, 14330, 17200 *et seq.*; and (5) common law trademark infringement and unfair
27 competition.

28

2

1   Romano filed the present motion to dismiss on August 15, 2014. Dkt. No. 19. Plaintiff filed
2   an opposition and Romano filed a reply. Dkt. Nos. 22, 24.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id.* (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).

## DISCUSSION

Romano moves to dismiss the individual claims against him. The Lanham Act imposes liability on natural persons for trademark infringement. 15 U.S.C. §§ 1125(a), 1127. "A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf." *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1021 (9th Cir. 1985) (internal quotation marks omitted). The Ninth Circuit has applied this principle to trademark infringement. *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 823-24 (9th Cir. 1996).

Here, Plaintiff alleges that "Frank Romano is the owner and operator of DKC, [and] directs and controls the activities of DKC complained of herein." FAC ¶ 6. "DKC and/or Frank Romano own and operate a dog kennel, dog boarding, grooming, and dog day care facility under the name DOGFATHER K9 CONNECTIONS." *Id.* ¶ 19. Romano "describes himself as a master K9 trainer with years of experience working with K9 units in the military and law enforcement." *Id.* ¶ 20. In addition, "Frank Romano has referred to himself as 'The Dogfather' on DKC's Internet website

3

www.dogfatherk9connections.com." *Id.* ¶ 21. Moreover, "on December 19, 2010, DKC, Frank Romano, or someone associated with or acting on behalf of DKC or its owner first registered the Internet domain name of 'dogfatherk9connections.com.'" *Id.* ¶ 29.

Plaintiff has alleged that Romano directs the actions of DKC that form the basis of Plaintiff's claims. In addition, Plaintiff alleges that Romano participated in certain actions, such as referring to himself as "The Dogfather" on www.dogfatherk9connections.com. Accordingly, Plaintiff has alleged sufficient facts to support a claim for individual liability against Romano.

Romano's arguments are unconvincing. First, Romano argues that Plaintiff is improperly attempting to impute the actions of the corporate defendant, DKC, to Romano. He cites *Katzir's Floor and Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004), for the proposition that "[t]he mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law." *Katzir's Floor and Home Design*, however, relates to the theory of piercing the corporate veil. This theory is distinct from holding a corporate officer individually liable for trademark infringement when the corporate officer authorizes or approves the acts of infringement. *Donsco, Inc. v. Casper Corp.*, 587 F.2d 602, 606 (3d Cir. 1978); s*ee also Babbit Elecs., Inc. v. Dynascan Corp.*, 38 F.3d 1161, 1184 (11th Cir. 1994).

Second, Romano argues that Plaintiff fails to set forth the factual basis for its allegations because many of the allegations are alleged based upon "information and belief." Romano cites *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993), for the proposition that "a plaintiff who makes allegations on information and belief must state the factual basis for the belief." *Neubronner*, however, concerned a claim for fraud, which must be pled with specificity under Federal Rule of Civil Procedure 9(b). *See id.* It is inapplicable here.

Third, Romano argues that he does not in fact refer to himself as "The Dogfather" on www.dogfatherk9connections.com. In support of this argument, Romano points to Exhibit 5 to the First Amended Complaint, which is a printout of select pages of the website. The First Amended Complaint does not specify where on the website Romano refers to himself as "The Dogfather," nor does it indicate that Exhibit 5 was intended to show the section of the website where Romano allegedly refers to himself as "The Dogfather." *See* FAC ¶ 21. For the purposes of this motion, the

4

1 Court will assume the truth of this allegation. *Navarro*, 250 F.3d at 732 (all material allegations in the complaint must be taken as true and construed in the light most favorable to the plaintiff).

Fourth, Romano argues that the allegations in the First Amended Complaint that relate to the infringement by the Defendants being willful and intentional are mere legal conclusions, which the Court is not required to accept. Whether Plaintiff has sufficiently alleged intent by Romano is irrelevant because intent is not an element of federal trademark infringement. *See Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir. 2011) ("To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party must prove: (1) that it has a protectible ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion." (internal quotation marks omitted)).

Fifth, Romano argues that the allegation that "DKC, Frank Romano, or someone associated with or acting on behalf of DKC or its owner first registered the Internet domain name of 'dogfatherk9connections.com'" is speculative because Plaintiff is uncertain who registered the domain name. *See* FAC ¶ 29. Romano is personally liable for acts of infringement which he authorizes or directs, and Plaintiff alleges that Romano "direct[ed] and control[ed] the activities of DKC complained of herein." *Id.* ¶ 6. For the purposes of this motion, it is inconsequential whether Romano, DKC, or someone acting on their behalf registered the domain name.

## CONCLUSION

For the reasons stated above, Romano's Motion to Dismiss the claims against him is denied.

**IT IS SO ORDERED.**

Dated: September 18, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**C14-03217 HRL Notice will be electronically mailed to:**

Amanda V Dwight     adwight@dwightlawgroup.com

Kamran Fattahi     Kamran@FattahiLaw.com

Lisa Jennifer Chin     lisa.chin@ltlattorneys.com, lynette.suksnguan@ltlattorneys.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**